WEINTRAUB TOBIN CHEDIAK
COLEMAN GRODIN
Scott M. Hervey (SBN180188)
shervey@weintraub.com
Scott M. Plamondon (SBN212294)
splamondon@weintraub.com
400 Capitol Mall, 11th Floor
Sacramento, CA  95814
Telephone: (916) 558-6000
Fax:          (916) 446-1611

Attorneys for Plaintiff
CAPITOL AUDIO ACCESS, INC. (dba Capitol Morning Report)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITOL AUDIO ACCESS, INC., a California corporation, (d.b.a. Capitol Morning Report)<br><br>Plaintiff,<br><br>v.<br><br>KEITH UMEMOTO, an individual, LAURA LARRAMENDI, an individual, and UPPER SAN GABRIEL VALLEY MUNICIPAL WATER DISTRICT, a government agency,<br><br>Defendants. | CASE No.<br><br>COMPLAINT FOR:<br><br>1) FEDERAL COPYRIGHT INFRINGEMENT;<br>2) CONTRIBUTORY COPYRIGHT INFRINGEMENT;<br>3) BREACH OF WRITTEN CONTRACT<br>4) VICARIOUS INFRINGEMENT<br>5) BREACH OF CONTRACT<br>6) VIOLATION OF COMPUTER FRAUD AND ABUSE ACT<br>7) VIOLATION OF ELECTRONIC COMMUNICATIONS PRIVACY ACT<br>8) TRADE SECRET MISAPPROPRIATION<br>9) TRESPASS<br><br>DEMAND FOR JURY TRIAL<br>[F.R.Civ.P. 38] |

{1520915.DOCX;3}

COMPLAINT

## INTRODUCTION

1. CAPITOL AUDIO ACCESS, INC., doing business as Capitol Morning Report, ("Plaintiff") brings this action against Defendants KEITH UMEMOTO ("Umemoto"), LAURA LARRAMENDI ("Larramendi"), and the UPPER SAN GABRIEL VALLEY MUNICIPAL WATER DISTRICT (the "Water District") (herein referred to as "Defendants"), and for its causes of action states as follows.

## THE PARTIES

2. Plaintiff, Capitol Audio Access, Inc. is a California corporation, duly organized and existing under the laws of the State of California, with its principal place of business located in Sacramento, California. Plaintiff does business as Capitol Morning Report and has a current fictitious business name statement on file with the county of Sacramento.

3. Plaintiff is informed and believes, and on that basis alleges, that Keith Umemoto, a former legislative employee who worked in the Governor Gray Davis administration, is an individual, domiciled in Sacramento, California.

4. Plaintiff is informed and believes, and on that basis alleges, that Laura Larramendi is an individual, domiciled in Monrovia, California and is an employee of the Upper San Gabriel Valley Municipal Water District.

5. Plaintiff is informed and believes, and on that basis alleges, that the Upper San Gabriel Valley Municipal Water District is a government agency with its principal place of business in Monrovia, California.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 17 U.S.C. §§101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) and 1391(c), as this is a judicial district in which one Defendant resides, a

substantial part of the events giving rise to the claims asserted herein arose, and in which a substantial part of the injury to Plaintiff took place.

## GENERAL ALLEGATIONS

8.  Plaintiff was founded in 1996, and is owned by John and Robert Fairbanks, a son and father. Plaintiff employs six full and part-time people. Plaintiff is the owner of a publication entitled the Capitol Morning Report ("The Report"). The Report is an online document published daily (except weekends and holidays). It is read widely by top officials of state and local governments, members of the Legislature, lobbyists, journalists and others with an immediate interest in California government and politics. The Report lists dates, times and places for upcoming news conferences, legislative hearings, briefings, seminars and similar events. It also reports on gubernatorial appointments, lobbyists and their clients, political campaign committees, polling results, research studies and similar material. Each daily issue of The Report and an archive of past issues of The Report is maintained within a passcode-protected area of Plaintiff's Internet web site, www.capitolmr.com ("WebSite") and made available to subscribers who establish an account and pay a subscription fee. The Report has approximately 4,000 subscribers.

9.  Prior to accessing The Report, a subscriber is required to establish an account and agree to a "click through" license agreement ("User License"). Plaintiff offers subscribers the ability to acquire a User License based on the number of individuals who will have access to The Report. For example, a one year single reader User License is $500.00, while a one year group, subscription User License for up to 100 readers is $8,000.00. If a subscriber wishes to establish a User License for more than a single reader, the subscriber, when establishing the account, must register each reader by providing Plaintiff with each reader's e-mail address. To prevent theft and free distribution of the Report, Plaintiff provides each user a password and requires that he or she submit it along with his or her email address in

order to access the Report. Each User License specifically provides that access to The Report is limited to only the subscriber and each registered reader, and that the subscriber and each registered reader shall not copy or redistribute The Report or share the confidential passcode with anyone else.

10. Plaintiff's WebSite also includes a "Subscriber Login" page where subscribers and registered readers can log in with their e-mail and confidential passcode to access the current issue of The Report as well as archive copies of past issues of The Report. At the Subscriber Login page, prior to accessing The Report, subscribers and registered readers are required to agree to a "click through" agreement ("User Agreement"). This User Agreement specifically provides that access to The Report is limited to the subscriber and registered readers. Additionally, the User Agreement requires each user to agree, by checking a box, not to make copies of the Report. The pertinent language in the User Agreement is as follows:

> We at the Capitol Morning Report rely on subscription revenue to stay in business. Yes, money from advertising helps, but we could not survive on ads alone. Electronically forwarding The Report to non-subscribers really hurts our small business and it violates federal copyright law.
> We appreciate your assurance that you will not make electronic copies of The Capitol Morning Report.
>
> "I will not make electronic copies of The Capitol Morning Report."
> "I agree" (Box to be checked)

11. On or around January 25, 2012, the Water District purchased a one year, single reader User License to The Report. The User License purchased by the Water District allowed only one person to access the Report. When establishing the single reader subscription, the Water District listed Defendant Larramendi as the single individual to have access to The Report.

12. Plaintiff is informed and believes that beginning approximately January 25, 2012, the Water District, through Larramendi, shared the confidential passcode that would allow access to The Report with numerous other individuals, both employees and non-employees of the Water District, including but not limited to Defendant Umemoto, in direct contravention of the User License and User Agreement.

13. Plaintiff is informed and believes that the Water District and Larramendi continues to share the confidential passcode that allows access to The Report with others, and that the Water District and Larramendi are aware that persons other than Larramendi are wrongfully accessing The Report by using the Water District's confidential passcode.

14. Plaintiff did not give Larramendi or the Water District authorization or permission to provide the confidential passcode or the right to access The Report to any unauthorized third party. Despite their obligation otherwise, Larramendi and the Water District supplied Umemoto and others with the Water District's confidential passcode so that they could access The Report.

15. Plaintiff is informed and believes that beginning on or about January 25, 2012 and continuing each business day until approximately August 3, 2012 (the date Umemoto received Plaintiff's cease and desist letter), Umemoto would access that day's issue of The Report by entering Larramendi's e-mail address and the Water District's confidential passcode and agreeing to the User Agreement, which required Umemoto to affirmatively check the "I agree" box alongside the statement "I will not make electronic copies of The Capitol Morning Report." Once Umemoto had accessed that day's issue of The Report, he would copy the entire content, excluding only language that is automatically inserted into each issue of the Report identifying the email address of the subscriber whose password was used to access the Report, and distribute the copy electronically to an e-mail distribution list

of approximately 100 individuals. Plaintiff is informed and believes, and on that basis alleges, that the Water District and Larramendi were aware that Umemoto was copying and distributing each day's issue of The Report.

16. On or about July 31, 2012, Plaintiff filed an application to register its copyright in the January 3, 2012 – July 19, 2012 issues of The Report.

17. All issues of The Report constitute original material authored by Plaintiff pursuant to the Copyright Act. Plaintiff currently is, and at all relevant times has been, the sole proprietor of all right, title, and interest in and to the copyright in all issues of The Report.

## FIRST CAUSE OF ACTION

(Federal Copyright Infringement; Against all Defendants)

18. Plaintiff realleges and incorporates herein by reference each allegation set forth in Paragraphs 1 through 17, above.

19. The Defendants infringed Plaintiff's copyrights by engaging in the systematic, regular, and repeated unauthorized access, copying, distribution, and public display of various issues of The Report. Accordingly, Defendant's conduct violated the exclusive rights belonging to Plaintiff as copyright owner of The Report, including and without limitation, Plaintiff's rights under 17 U.S.C. § 106.

20. The infringement of each issue of The Report constitutes a separate and distinct act of infringement.

21. The foregoing acts of infringement by the Defendants were willful, intentional, and purposeful, and in disregard of and indifference to the rights of Plaintiff.

22. As a direct and proximate result of the Defendants' conduct as herein alleged, Plaintiff has been damaged in a sum according to proof at trial.

23. Plaintiff is informed and believes, and on that basis alleges, that as a direct and proximate result of their wrongful conduct, the Defendants have realized profits and other benefits rightfully belonging to Plaintiff, which profits and

amounts can only be determined through an accounting, and subject to proof at trial.

## SECOND CAUSE OF ACTION

(Contributory Copyright Infringement; Against Larramendi and the Water District)

24. Plaintiff realleges and incorporates herein by reference each allegation set forth in Paragraphs 1 through 23, above, as though fully set forth herein.

25. Larramendi and the Water District, with knowledge of the infringing activity, systematically induced, caused, or materially contributed to the infringing activity of Umemoto and others, and are therefore liable for contributory copyright infringement. Specifically, Defendants Larramendi and the Water District induced, caused, and/or materially contributed to the infringing activity of defendant Umemoto and others by providing him with the Water District's confidential passcode without Plaintiff's permission, with full knowledge that Umemoto would unlawfully copy and distribute issues of The Report.

26. The infringement of each issue of The Report constitutes a separate and distinct act of infringement.

27. The foregoing acts of infringement by Larramendi and the Water District were willful, intentional, and purposeful, and in disregard of and indifference to the rights of Plaintiff.

28. Larramendi and the Water District's conduct violates Plaintiff's exclusive rights under copyright in violation of 17 U.S.C. section 106 and 107.

29. As a direct and proximate result of Larramendi and the Water District's conduct as herein alleged, Plaintiff has been damaged in a sum according to proof at trial.

30. Plaintiff is informed and believes, and on that basis alleges, that as a direct and proximate result of their wrongful conduct, Larramendi and the Water District have realized benefits rightfully belonging to Plaintiff, which profits and amounts can only be determined through an accounting, and subject to proof at trial.

## THIRD CAUSE OF ACTION

(Vicarious Copyright Infringement; Against the Water District)

31. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 30, above, as though fully set forth herein.

32. At all relevant times hereto, Larramendi was a full-time employee of the Water District.

33. The Water District had knowledge of, induced, promoted, caused, materially contributed, directed, and took affirmative steps to foster the infringing activity of Larramendi.

34. At all relative times hereto, the Water District had the right and ability to actively supervise and control the infringing activity of Larramendi. The Water District had a direct financial interest in, and derived financial benefit from Larramendi's infringing activity.

35. The above-described acts of Larramendi were committed within the scope of her employment with the Water District, in that they were committed at the direction of the Water District, while on duty, and in furtherance of the Water District's objectives.

36. The foregoing acts of infringement by the Water District were willful, intentional, and purposeful, and in disregard of and indifference to the rights of Plaintiff.

37. As a direct and proximate result of the Water District's conduct as herein alleged, Plaintiff has been damaged in a sum according to proof at trial.

38. Plaintiff is informed and believes, and on that basis alleges, that as a direct and proximate result of their wrongful conduct, the Water District has realized benefits rightfully belonging to Plaintiff, which profits and amounts can only be determined through an accounting, and subject to proof at trial.

## FOURTH CAUSE OF ACTION

(Breach of Written Contract; Against the Water District)

39. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 38, above, as though fully set forth herein.

40. Plaintiff entered into a valid and enforceable agreement with the Water District. Under the User License, Plaintiff provided Larramendi, on behalf of the Water District, with a single user access to each issue of The Report maintained at Plaintiff's WebSite. In exchange, the Water District agreed that neither it nor its employees would copy or distribute The Report or provide the Water District's confidential passcode to any third party.

41. Plaintiff has performed all of its obligations under the User License, except as excused and/or prevented by the acts and/or omissions of Defendants.

42. The Water District breached the User License by providing Umemoto and others with the Water District's confidential passcode so that Umemoto and others could access, copy and distribute copies of each issue of The Report without limitation.

43. By reason of the breach of the User License as set forth above, Plaintiff has been damaged in a sum or sums to be established at trial.

## FIFTH CAUSE OF ACTION

(Violations of The Computer Fraud and Abuse Act; Against All Defendants)

44. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 43, above, as though fully set forth herein.

45. Defendants have violated 18 U.S.C. §1030(a)(2) by intentionally accessing, without authorization, a computer involved in interstate commerce or communication, or by exceeding authorized access to such computer, and by

1  obtaining from such computer information involving an interstate communication.

2  46.  Defendants have violated 18 U.S.C. §1030(a)(5) by knowingly causing the transmission of a code, specifically the Water District confidential passcode, or accessing a computer involved in interstate commerce or communication, and by causing damage to a computer involved in interstate commerce or communication.

47.  Defendants have violated 18 U.S.C. §1030(a)(6) by knowingly and, with an intent to defraud, trafficking, in a manner that affects interstate commerce, in passcodes and access codes, through which Plaintiff's computer may be accessed without authorization.

48.  Plaintiff has suffered damage and loss by reason of these violations and is entitled to damages, injunctive relief, and other equitable relief as provided by 18 U.S.C. §1030(g).

## SIXTH CAUSE OF ACTION

(Misappropriation of Confidential Business Information and/or Trade Secret Act; Against All Defendants)

49.  Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 48, above, as though fully set forth herein.

50.  Plaintiff licensed a confidential passcode to Defendant Water District for use only by a single user, and that passcode was an item of independent economic value.

51.  The confidential passcode's value is derived from not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value from disclosure or use of the passcode.

52.  Without authorization from Plaintiff, Defendants misappropriated the passcode and used it for Defendants' benefit.

/ / /

53. Defendants' misappropriation of Plaintiff's confidential passcode was willful and malicious and caused irreparable damage to Plaintiff.

### SEVENTH CAUSE OF ACTION

(Violation of Title II of the Electronic Communications Privacy Act; Against All Defendants)

54. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 53, above, as though fully set forth herein.

55. Defendants have violated Title II of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701 *et seq.*, by (a) intentionally accessing without authorization, or by intentionally exceeding an authorization to access, the passcode-protected areas of Plaintiff's web site; (b) obtaining access to electronic communications while such communications were in electronic storage in that web site; (c) disclosing such communications to third parties not authorized to receive them; and (d) conspiring, encouraging, aiding, abetting, ordering, and participating in efforts to do so.

56. Plaintiff has been irreparably damaged by Defendants' violations of Title II of the Electronic Communications Privacy Act, and is entitled to damages, injunctive relief, and attorneys' fees and costs pursuant to 18 U.S.C. § 2707.

### EIGHTH CAUSE OF ACTION

(Violations of California Comprehensive Computer Data Access and Fraud Act; Against All Defendants)

57. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 56, above, as though fully set forth herein.

58. Defendants have violated California Penal Code § 502(c)(2) by knowingly and fraudulently accessing and without permission taking, copying and

making use of data from a computer, computer system, or computer network.

59. Defendants have violated California Penal Code § 502(c)(3) by knowingly and fraudulently accessing and without permission using computer services.

60. Defendants have violated California Penal Code § 502(c)(6) by knowingly, fraudulently and without permission providing or assisting in providing a means of accessing a computer, computer system or computer network.

61. Defendants have violated California Penal Code § 502(c)(7) by knowingly, fraudulently and without permission accessing or causing to be accessed any computer, computer system or computer network.

62. Plaintiff has been injured by these violations of the California Comprehensive Computer Data Access and Fraud Act and is entitled to damages and attorneys' fees pursuant to California Penal Code § 502(e).

## NINTH CAUSE OF ACTION

(Trespass; Against All Defendants)

63. Plaintiff realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 62, above, as though fully set forth herein.

64. Plaintiff maintains passcode-protected areas on its Internet web site.

65. Defendants, without permission from Plaintiff or exceeding the scope of such permission, willfully and maliciously entered upon Plaintiff's passcode-protected web site.

66. Defendants' actions have caused Plaintiff irreparable damage in a sum or sums to be established at trial.

## PRAYER FOR RELIEF

THEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

A. that Defendants and their employees and agents be preliminarily and permanently enjoined from, directly or indirectly, infringing in any manner any of Plaintiff's copyrighted material and from disclosing confidential passcodes to unauthorized persons and entities, and from inducing, aiding, causing or materially contributing to such infringement, including the provision of confidential passcodes to unauthorized users, and from violating the Copyright Act, 17 U.S.C. § 501 *et seq.*; the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030; Title II of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701 *et seq.*; and the California Comprehensive Computer Data Access and Fraud Act, Calif. Penal Code § 502;

B. that Defendants be required to pay Plaintiff statutory damages in the amount of not less than $750 and not more than $30,000, as this court considers just, for every instance in which Plaintiff's copyright was infringed;

C. that Defendants be required to pay Plaintiff's enhanced statutory damages in the amount of $150,000 for every instance in which Plaintiff's copyright was willfully infringed;

D. that Defendants be required to pay Plaintiff its actual damages incurred as a result of Defendants' infringement of Plaintiff's copyrights;

E. that Defendants be required to pay damages (such damages to include lost profits or defendants' profits where appropriate), including without limitation treble damages, punitive damages, and exemplary damages, for (1) violations of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030; (2) violations of Title II of the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701 *et seq.*; (3) violations of the California Comprehensive Computer Data Access and Fraud Act, Calif. Penal Code § 502; (4) trespass; and (5) misappropriation of confidential business information and/or trade secret;

///

F.   that Defendants be required to pay Plaintiff its direct and consequential damages incurred as the result of Defendants' breach of its agreement with Plaintiff;

G.   that Defendants be required to pay Plaintiff its attorneys' fees and other costs of this action; and

H.   for such other and further relief as the Court may deem just and proper.

DATED: January 23, 2013          WEINTRAUB TOBIN CHEDIAK
                                 COLEMAN GRODIN


By:  /s/ Scott M. Plamondon
     Scott M. Plamondon
     Attorneys for Plaintiff
     CAPITOL AUDIO ACCESS, INC.

{1520915.DOCX;3}{1520915.DOCX;3}          14
COMPLAINT

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury for all of the issues raised by the claims alleged in this action which are so triable.

DATED: January 23, 2013        WEINTRAUB TOBIN CHEDIAK
                               COLEMAN GRODIN


                               By: /s/ Scott M. Plamondon
                                   Scott M. Plamondon
                                   Attorneys for Plaintiff
                                   CAPITOL AUDIO ACCESS, INC.