IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITOL AUDIO ACCESS, INC., a California corporation (d.b.a. Capitol Morning Report),<br><br>        Plaintiff,<br><br>   v.<br><br>KEITH UMEMOTO, an individual; LAURA LARRAMENDI, an individual; and UPPER SAN GABRIEL VALLEY MUNICIPAL WATER DISTRICT, a government agency,<br><br>        Defendants.<br>_____ | 2:13-cv-00134-GEB-EFB<br><br><u>ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE; FED. R. CIV. P. 4(M) NOTICE</u> |

        The January 24, 2013, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on April 1, 2013, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The January 24th Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

        Therefore, Plaintiff and Defendant Upper San Gabriel Valley Municipal Water District are Ordered to Show Cause ("OSC") in a writing to be filed no later than April 1, 2013, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status

report. The written response shall also state whether the parties or their counsel are at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on July 22, 2013, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report shall be filed no later than fourteen (14) days prior to the status conference.

Further, Plaintiff is notified under Rule 4(m) of the Federal Rules of Civil Procedure that failure to serve Defendant Laura Larramendi with process within the 120 day period prescribed in that Rule may result in the unserved defendant being dismissed. To avoid dismissal, on or before May 24, 2013, Plaintiff shall file proof of service for this defendant or a sufficient explanation why service was not effected within Rule 4(m)'s prescribed service period.

IT IS SO ORDERED.

Dated: March 26, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).