Scott M. Hervey, State Bar No. 180188
Scott M. Plamondon, State Bar No. 212294
Josh H. Escovedo, State Bar No. 284506
**WEINTRAUB TOBIN** CHEDIAK COLEMAN GRODIN
LAW CORPORATION
400 Capitol Mall, 11th Floor
Sacramento, California 95814
Telephone: 916/558-6000
Facsimile: 916/446-1611

Attorneys for Plaintiff
CAPITOL AUDIO ACCESS, INC.
(dba Capitol Morning Report)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITOL AUDIO ACCESS, INC., a California corporation (dba Capitol Morning Report),<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KEITH UMEMOTO, an individual, LAURA LARRAMENDI, an individual, and UPPER SAN GABRIEL VALLEY MUNICIPAL WATER DISTRICT, a government agency<br><br>　　　　Defendants. | Case No. 2:13-cv-00134-GEB-EFB<br><br>Hon. Garland E. Burrell, Jr.<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VOLUNTARILY DISMISS DEFENDANTS KEITH UMEMOTO AND LARA LARRAMENDI<br><br>Date:　　　　Sept. 8, 2014<br>Time:　　　　9:00 a.m.<br>Courtroom:　 10, 13th Floor |

　　　　Plaintiff, Capitol Audio Access, Inc. ("Plaintiff"), submits the following Memorandum of Points and Authorities in support of its Motion to Voluntarily Dismiss Defendants Keith Umemoto and Lara Larramendi ("Settled Defendants").

## INTRODUCTION

　　　　This Motion arises out of a copyright infringement dispute between the above-listed parties. After engaging in arms-length negotiation, Plaintiff and Settled Defendants agreed to enter into a settlement agreement whereby Settled Defendants would be dismissed with prejudice in exchange for their agreement to the terms of the settlement. Declaration of Scott M. Plamondon ("Plamondon Dec.") at ¶ 2. That settlement did not affect or purport to

1   compromise or settle in any the dispute between Plaintiff and the third defendant, the Upper
2   San Gabriel Water District (the "Water District"), compromise any rights the Water District
3   might have vis-à-vis any other party, or have any other impact on the Water District's rights.
4         After Plaintiff and the Settled Defendants filed a stipulation of dismissal as required by
5   the settlement agreement, the Court dismissed the Settled Defendants from the case. Id.
6   Thereafter, in a display of form over function, the Water District filed an opposition to the
7   Court's the dismissal, resulting in the Court's reversal of that dismissal. Id. Remaining
8   Defendant never has stated any good cause for why this objection was made, and it appears to
9   be based solely on the fact that the original stipulation mistakenly cited Federal Rule of Civil
10  Procedure 41(a)(1) instead of Rule 41(a)(2). Id. Following the Water District's successful
11  motion to vacate the dismissal of the Settled Defendants, Plaintiff asked the Water District if it
12  would stipulate to voluntarily dismiss the Settled Defendants with prejudice. The Water District
13  never responded to that request. Plamondon Dec. at ¶ 3. Plaintiff now brings this Motion to
14  obtain the dismissal of the Settled Defendants on the grounds that there are no remaining
15  issues to be resolved between Plaintiff and Settled Defendants, good cause exists to dismiss
16  them, and Water District will suffer no prejudice.

## LAW AND ARGUMENT

### 1. Law Regarding Voluntary Dismissals.

Federal Rules of Civil Procedure ("FRCP"), Rule 41(a)(1) provides that an action may be dismissed by Plaintiff. The Rule is not limited to dismissal of the entire case. Dismissal of one of several co-defendants terminates the "action" as to the one dismissed although it continues against the others. *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993). Defendants may be dismissed either with or without prejudice. *Schwarzer, Tashima & Wagstaffe*, Rutter Group: California Practice Guide, Federal Civil Procedure Before Trial, Ch. 16, 16:314.

After service of an answer or summary judgment motion, however, Plaintiff must obtain court approval to dismiss "on terms the court considers proper." FRCP Rule 41(a)(2). Accordingly, the parties filed a stipulation and order, seeking the Court's approval of the dismissal, which the Court granted. The only procedural issue with that stipulation and order

weintraub tobin chediak coleman grodin
LAW CORPORATION

appears to be its inadvertent citation of Rule 41(a)(1) rather than Rule 41(a)(2).

In ruling on a Rule 41(a)(2) dismissal, the Court must exercise its discretion in making three separate determinations: (1) whether to allow dismissal at all; (2) whether the dismissal should be with or without prejudice; and (3) what "terms and conditions," if any, should be imposed. *Schwarzer, Tashima & Wagstaffe*, Rutter Group: California Practice Guide, Federal Civil Procedure Before Trial, Ch. 16, 16:343. Whether to allow dismissal rests in the court's sound discretion. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982).

Courts generally allow dismissal, even dismissal without prejudice unless a defendant will suffer "some plain legal prejudice" as a result of the dismissal. *Hamilton v. Firestone Tire & Rubber Co., Inc. supra*, 679 F.2d at 145. Courts almost always grant motions to dismiss an action with prejudice because it ends the litigation between the parties. *Schwarzer, Tashima & Wagstaffe*, Rutter Group: California Practice Guide, Federal Civil Procedure Before Trial, Ch. 16, 16:364.5). Such a motion may be denied in rare instances, such as where it would prejudice the interests of third parties. *Schwarzer, Tashima & Wagstaffe*, Rutter Group: California Practice Guide, Federal Civil Procedure Before Trial, Ch. 16, 16:364.5; *County of Sante Fe, New Mexico v. Public Service Co. of New Mexico*, 311 F.3d 1031, 1048 (10th Cir. 2002).

2. **The Court's Discretion Should Weigh Heavily In Favor Of Dismissal Because Both Settled Defendants Have Resolved the Dispute With Plaintiff.**

Here, there is no doubt that the dismissal should be granted. The Settled Defendants have reached an agreement with Plaintiff resolving all claims between them. Thus, dismissal with prejudice is absolutely warranted because there is nothing further to adjudicate between these parties.

3. **No Defendant Will Suffer "Plain Legal Prejudice" As A Result Of The Dismissal And The Dismissal Will Not Prejudice Any Third Parties.**

Here, Plaintiff moves the court for a dismissal of the Settled Defendants with prejudice. As stated above, dismissal with prejudice is routinely granted by the courts because it ends the litigation between the parties. The litigation between the settling parties is complete and all

related issues have been resolved.

This Motion could only be denied if the effect would prejudice the interests of a third party. As evidenced by the Water District's utter silence as to its basis for opposing dismissal of the Settled Defendants, no such prejudice exists here. The Water District is not prejudiced in any way, because the settlements and voluntary dismissals have no effect on their ability to defend against the Plaintiff's claims, or to claim any amounts paid by the Settled Defendants as an offset should the Water District be found liable. Plaintiff and the Settled Defendants were free to reach a good-faith resolution of the claims involved in the present case. The fact that they have done so and that there is no longer a need to have the Settled Defendants involved in the case does not prejudice the interests of the other defendant. Therefore, because the requested dismissals do not prejudice the interests of anyone, this Motion should be granted.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant the present motion and dismiss the Settled Defendants from this matter with prejudice.

Dated: August 1, 2014.　　　　　**weintraub tobin** chediak coleman grodin
　　　　　　　　　　　　　　　　LAW CORPORATION


By:　　　　/s/ Scott M. Plamondon
　　　　Scott M. Plamondon
　　　　Josh H. Escovedo
　　　　Attorneys for CAPITOL AUDIO ACCESS, INC.
　　　　(dba Capitol Morning Report)

{1785765.DOC;}　　　　4　　　　Memorandum of Points and Authorities ISO Motion to Dismiss Defendants, Keith Umemoto and Lara Larramendi