UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAPITOL AUDIO ACCESS, INC., a California Corporation (dba Capitol Morning Report),<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KEITH UMEMOTO, an individual; LAURA LARRAMENDI, an individual; and UPPER SAN GABRIEL VALLEY MUNICIPAL WATER DISTRICT, a government agency,<br><br>　　　　Defendants. | No.  2:13-cv-00134-GEB-EFB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE DEFENDANTS UMEMOTO AND LARRAMENDI** |

　　　　Plaintiff Capitol Audio Access, Inc. ("Plaintiff") moves to voluntarily dismiss Defendants Umemoto and Larramendi ("Settled Defendants") under Federal Rule of Civil Procedure ("Rule") 41(a)(2) with prejudice "because Plaintiff and Settled Defendants have reached an arms-length settlement wherein Plaintiff agreed to dismiss the Settled Defendants from this case." (Mot. to Voluntarily Dismiss 1:22-28, ECF No. 38.) Plaintiff argues "there are no remaining issues to be resolved between Plaintiff and Settled Defendants, . . . and [Defendant Upper San Gabriel Valley Municipal Water District (the "District")] will suffer no prejudice." (Id. at 2:13-16.) Plaintiff contends the settlement between it and the Settling

1

Defendants "did not affect or purport to . . . compromise any rights the [District] might have vis-à-vis any other party, or have any other impact on the [District's] rights." (Mem. P.&A.'s in Supp. of Mot. 1:28-2:3, ECF No. 38-1.)

The District opposes the motion, rejoining "it will result in prejudice to the District." (Opp'n 2:12-13, ECF No. 41.) The District references California Code of Civil Procedure section 877.6, which creates a procedure by which settling parties in certain cases can obtain court approval of their settlement, in support of its prejudice argument. If a court approves a settlement under this California statutory procedure, the "settlement . . . bars claims against the settling defendant for contribution or indemnity by other joint tortfeasors, including claims for total indemnity, partial indemnity and implied contractual indemnity." <u>Willdan v. Sialic Contractors Corp.</u>, 158 Cal. App. 4th 47, 54 (2007).

Plaintiff replies:

> The lion's share of the [District's] Opposition is devoted to a hypothetical discussion of good faith settlement determinations, and litigants' rights to seek them. But there has been no such Application made here . . . .
>
> More importantly, in the event anyone does seek such a determination, [District] will of course be free to oppose that effort. The possibility of a future good faith settlement does not constitute any current prejudice to the Water District.

(Reply 3:19-26.) Plaintiff also argues the District recently filed a Cross-Claim "for various forms of indemnity, contribution, and declaratory relief" against the Settling Defendants, "which on its face demonstrates an avenue through

2

which the [District] can obtain relief in the event it is found liable." (Id. at 1:28-2:8.)

Rule 41(a)(2) prescribes in relevant part: "[A]n action may be dismissed . . . at the plaintiff's request . . . by court order." The Ninth Circuit has "declined to read [that] rule literally as permitting the dismissal only of an *entire* action against *all* defendants" and states the Rule may be used "to allow for the dismissal *of all* claims against *one* defendant." Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005).

A Rule 41(a)(2) motion for voluntarily dismissal "is addressed to the district court's sound discretion." Stevedoring Serv. of Am. v. Armilla Intern. B.V., 889 F.2d 919, 921 (9th Cir. 1989). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" Id. at 976 (quoting Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)).

Here, the District has not shown it will suffer plain legal prejudice if the motion is granted since it identifies no legal interest, claims or argument it will lose if Settling Defendants are dismissed. The District's reference to California Code of Civil Procedure §§ 877, *et seq.*, is misplaced since no party has moved for a good faith settlement determination under those procedures. "[F]ocus[ing] on the rights and defenses available to [the District] in [the] litigation," dismissing

3

Settling Defendants leaves the litigation landscape unchanged. See Westlands, 100 F.3d at 96.

For the stated reasons, Plaintiff's motion for voluntary dismissal with prejudice is granted.

Dated: September 4, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4